Gary Eastman (SBN 182518)
EASTMAN IP
1550 Hotel Circle North, Suite 330
San Diego, CA 92108
Telephone: (619) 230-1144
gary@eastmanip.com

Attorney for Plaintiff
Vanilla Chip, LLC, d/b/a TruHeight

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vanilla Chip, LLC, d/b/a TruHeight,<br><br>*Plaintiff,*<br><br>v.<br><br>NoGenetics.com, and unknown entity; Vox Nutrition, LLC a Utah limited liability company dba Vitamin Gummies and Legacy Health Group; and DOES, 1-10,<br><br>*Defendants.* | Case No.: **'23 CV2276 GPC BGS**<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;**<br><br>2. **FEDERAL TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125(a);**<br><br>3. **FEDERAL TRADEMARK CONTERFEITING, 15 U.S.C. § 1117(C);**<br><br>4. **FEDERAL TRADEMARK DILUTION, 15 U.S.C. § 1125(C);**<br><br>5. **FEDERAL UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN, LANHAM ACT, 15 U.S.C. § 1125(a);**<br><br>6. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, CALIFORNIA UNFAIR COMPETITION LAW;**<br><br>7. **FALSE ADVERTISING, Lanham Act, 15 U.S.C. § 1125(a)(1)(B);** |

| | |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **8. COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 et seq.;**<br><br>**9. INJURY TO BUSINESS REPUTATION AND DILUTION, CAL. BUS, & PROF. CODE § 14247;**<br><br>**10. INJUNCTIVE RELIEF.** |

Plaintiff Vanilla Chip, LLC, dba TruHeight ("TRUHEIGHT" or "Plaintiff") brings this Complaint against defendants NoGenetics.com, an unknown business entity, Vox Nutrition, LLC, and DOES, 1 through 10 (collectively "Defendants") as follows:

## I.    INTRODUCTION

1.      Vanilla Chip, a California Limited Liability Company d/b/a TRUHEIGHT ("Plaintiff"), having an address of 4231 Balboa Avenue, Suite #539, San Diego, California 92117, has been and will continue to be damaged by the infringement and unauthorized use of its family of intellectual property, including several trademark, trade dress and copyright protected rights. Plaintiff is the owner of the trademarked protected product line(s), "TRUHEIGHT" (US Registration No. 6372062); "PROHEIGHT" (US Registration No. 6717924); and several pending trademark applications, including "BLUEPRINT FOR

GROWTH" (US Application Serial No. 97700664), "TruHeight" (stylized, US Application Serial No. 98300688) and "Max Height Kit" (US Application Serial No. 98300714) (collectively "the Marks"), and the exclusive owner of several product descriptions and the trade dress of Plaintiffs products (e.g., Max Height Kits, Growth Capsules, Growth Gummies, Vanilla and Chocolate Protein Shakes, Sleep Gummies, Protein Shakers, etc.) being offered for sale. Additionally, Plaintiff has created original content of its packing designs, color schemes, text, fonts, and certain labeling features, all which comprise copyrighted works, including United States Copyright Applications Serial Nos. 13273619991 for "TruHeight Growth Gummies Label", 13273297092 for "TruHeight Sleep Label", 13273296802 for "TruHeight Vanilla Protein Shake Label", 13273240373 for "TruHeight Chocolate Protein Shake Label", and 13273240041 for "TruHeight Growth Capsule Label."   Further, Plaintiff has created a substantial website including product related photographs and featuring the trade dress and color scheme common to Plaintiff's products, as well as original content related to the benefits of nutritional supplements for bone growth, development and sleep, and Plaintiff's original product descriptions are written by Plaintiff to use in furtherance of "TRUHEIGHT" product sales. The website containing these descriptions is, (https://truheightvitamins.com/) and is protected in United States Copyright Application Serial No. 13273297305 for "TruHeight Website December 2023." All copyrighted works are collectively referred to herein as "the Works".   Additionally, Plaintiff is the inventor and applicant for a proprietary nutritional supplement blend which is outlined in currently pending United States Patent Application Serial No. 63/544,798.

2.      Defendant NoGenetics.com is a business of a currently unknown  form which operates a website at www.nogenetics.com and www.nogenetics.com/fr which sells nutritional supplements identical to Plaintiffs having copied virtually

all aspects of Plaintiff's branding, design, trade dress, and original content. Defendant sells these knock-off products via the Internet, and distributes them nationally, including in this judicial district. Defendant NoGenetics.com sells these counterfeit "TRUHEIGHT" products via the Internet and unlawfully infringe the Marks, violate the trade dress, incorporate Plaintiffs Works, and are promoted by Defendants using unauthorized copies of Plaintiffs Works.

3.      Defendant Vox Nutrition, Inc. ("Vox") is a corporation organized in the state of Utah, having an address of 8152 W. Welby Park Drive, Suite 201, West Jordan, Utah 84088. Defendant Vox manufactures, labels, packages and distributes the NoGenetics brand of nutritional supplements which are discussed above and which blatantly violate the intellectual property rights of Plaintiff. Defendant Vox sells these infringing products into this judicial district, including San Diego specifically.

4.      DOES 1-10 are selling products of unknown quality and unknown ingredients that are nearly identical in appearance to Plaintiff's products, and using Plaintiff's original Works on packaging and to promote them. Defendant's actions are confusing and deceiving consumers and, because the products are ingested by adolescents, potentially causing them physical injury, thereby harming Plaintiff's goodwill and reputation.

5.      Upon information and belief, additional Doe Defendants are manufacturing, causing to be manufactured, or distributing the above goods. These Defendants are not authorized or licensed by Plaintiff to manufacture, distribute, offer for sale, or sell products bearing the Marks, use the Works in any way, or violate Plaintiff's trade dress.

6.      This action is one for direct and contributory counterfeiting, trademark infringement, trade dress infringement, trademark dilution, unfair competition, false advertising, trade name or service mark dilution, and false designation of

origin in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., together with federal copyright infringement, 17 U.S.C. §501, common law copyright infringement, injury to business reputation and dilution, and related claims under state law. Plaintiff seeks an ex-parte seizure order, temporary and permanent injunctive relief, damages, an accounting of Defendants' sales and profits, and all other appropriate relief arising from Defendants' willful acts of trademark counterfeiting, infringement, and unfair competition.

## II.   JURISDICTION

7.      This is an action for counterfeiting and infringement of a trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and for trade dress infringement, trademark dilution, unfair competition, false advertising, trade name or service mark dilution, and false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), together with federal copyright infringement 17 U.S.C. § 501, common law copyright infringement, injury to business reputation and dilution, and related state law claims.

8.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act and the Copyright Act.

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10.     This Court has personal jurisdiction over Defendants. Defendants' acts of selling counterfeits of Plaintiff's goods and infringing the Marks, were committed in the Southern District of California, within the jurisdiction of this Court.

11.     Upon information and belief, Defendant and DOES 1-10 have engaged in substantial activities within California and this judicial district and have had substantial contacts there, having purposefully availed themselves of the privilege

of conducting activities in the forum. have committed acts of counterfeiting Plaintiff's goods and infringing "TRUHEIGHT" Marks and engaged in the unauthorized use of Plaintiff's Works in the Southern District of California, within the jurisdiction of this Court. All Defendants have caused injury to Plaintiff within California and within this judicial district.

### III.     VENUE

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants may be found or transact business in this district and a substantial part of the events giving rise to Plaintiff's claims occurred and are continuing to occur in this district.

### IV.   THE PARTIES

13.     Plaintiff Vanilla Chip, LLC, d/b/a TruHeight is a California limited liability company with a principal place of business in San Diego, California.

14.     Defendant NoGenetics.com, is a business of unknown form having a principal place of business that is unknown by Plaintiff, but Plaintiff will seek to amend the Complaint to properly identify the location when the principal place of business has been ascertained.

15.     Defendant Vox Nutrition, Inc. ("Vox") is a corporation organized in the state of Utah, having an address of 8152 W. Welby Park Drive, Suite 201, West Jordan, Utah 84088.   Defendant Vox manufactures, labels, packages and distributes the NoGenetics brand of nutritional supplements which are discussed above and which blatantly violate the intellectual property rights of Plaintiff. Defendant Vox sells these infringing products into this judicial district, including San Diego specifically.

16.     The identities of the individuals and entities named as Defendants DOES 1 through 10, inclusive, are not presently known, but Plaintiff will seek to amend

the Complaint to properly identify them when their proper names have been ascertained.

17.      Upon information and belief, Plaintiff alleges that each of the Defendants named herein, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

18.      Upon information and belief, Plaintiff alleges that each of the Defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

19.      Plaintiff will move to amend this Complaint in the event these Defendants are identified. The actual names of such Defendants are unknown to Plaintiff after having conducted a reasonable and diligent search.

## V.      FACTUAL ALLEGATION COMMON TO ALL COUNTS

20.      Plaintiff manufactures nutritional supplements and sells them in interstate commerce under the "TRUHEIGHT" Marks.

21.      Plaintiff was founded in 2019 to provide nutritional supplement products, such as Max Height Kits, Growth Capsules, and Growth Gummies to consumers throughout the United States under the Marks.

22.      Over the past several years, Plaintiff has enjoyed astounding success, and today is known as the world-wide market leader in providing high quality nutritional supplements targeting growth for adolescents and young adults.

23.      Plaintiff currently owns Federal Trademark Registration No. 6372062 for "TRUHEIGHT", Registered on June 1, 2021, for use in conjunction with International Classification 005. A copy of Plaintiff's Registered Mark is attached hereto as **Exhibit A.**

24.     Plaintiff also owns Federal Trademark Registration No. 6717924 for PROHEIGHT registered on May 3, 2022, for use in conjunction with International Classifications 005. A copy of Plaintiff's Registered Mark is attached hereto as **Exhibit B**.

25.     Also, Plaintiff owns Federal Trademark Application No. 97700664 for BLUEPRINT FOR GROWTH filed on December 1, 2022 for use in conjunction with International Classification 005 with the first use of the mark on May 2020, and first use in commerce also on May, 2020.

26.     Also, Plaintiff owns Federal Trademark Application No. 98300688 for color and stylized "TRUHEIGHT" for use in conjunction with International Classification 005 with the first use of the mark on August 1, 2019, and first use in commerce also on August 1, 2019.

27.     Also, Plaintiff owns Federal Trademark Application No. 98300714 for MAX HEIGHT KIT  for use in conjunction with International Classification 005 with the first use of the mark on December 6, 2022, and first use in commerce also on December 6, 2022.

28.     True and correct copies of Plaintiff's pending Application for the Plaintiff's Mark is attached hereto as **Exhibits C, D , and E**, respectfully.

29.     At least as early as August 1, 2019, and long prior to any use of a similar design, mark, or image by Defendants, Plaintiff has been continuously and exclusively using its TRUHEIGHT Marks and images to advertise and promote its nutritional products.

30.     Plaintiff is the author and copyright holder of countless original product photographs, website pages, unique product descriptions, promotional literature, product literature and product label artwork, collectively referred to herein as the Works, which Plaintiff uses on its website and Internet presence to display and promote its products.

31.     Many of these items are protected under United States Copyright Application Serial Nos. 13273619991 for "TruHeight Growth Gummies Label", 13273297092 for "TruHeight Sleep Label", 13273296802 for "TruHeight Vanilla Protein Shake Label", 13273240373 for "TruHeight Chocolate Protein Shake Label", and 13273240041 for "TruHeight Growth Capsule Label", and 13273297305 for "TruHeight Website December 2023".

32.     Plaintiff also has common law copyrights in its Works.

33.     As a world-wide leader in the marketplace for nutritional supplements for healthy bone growth, development and sleep in adolescents and young adults, Defendants were aware of Plaintiff, Plaintiff's well-known brands, and their prominence in the marketplace.

34.     On information and belief, Defendant's use of the Marks and Works began after Plaintiff's adoption and use of its Marks and Works and without Plaintiff's authorization, permission, or consent.

35.     On information and belief, Defendants have offered, and are continuing to offer, inferior supplement products and services bearing Plaintiff's Marks and incorporating Plaintiff's Works.  Defendants' websites containing these violations is https://nogenetics.com/en-us and https://nogenetics.com/fr.

36.     Defendants are not authorized to use Plaintiff's Marks or Works in connection with their goods and services.

37.     On information and belief, Defendants acted with knowledge of Plaintiff's prior ownership and use of its Marks, and without Plaintiff's authorization or consent, have engaged in intentional infringement by using the Plaintiff's Marks and Works in order to interfere with and capitalize on Plaintiff's prior use, ownership, reputation, and goodwill.  A side-by-side comparison of Defendants' unauthorized use of Plaintiff's Marks, Works, and goodwill violations, is attached as **Exhibit F**.

38.     Defendants' use of Plaintiff's Marks is likely to cause confusion, mistake, and deception among the public, and purchasers of the infringing skincare products are likely to be confused as to the existence of an association between Defendants and Plaintiff.

39.     On information and belief, Defendants acted with knowledge of Plaintiff's prior ownership and use of its Works, and without Plaintiff's authorization or consent, have engaged in intentional infringement by using the Plaintiff's Works in order to interfere with and capitalize on Plaintiff's prior use, ownership, reputation, and goodwill.

40.     Defendants' use of Plaintiff's Works is likely to cause confusion, mistake, and deception among the public, and purchasers of the infringing skincare products are likely to be confused as to the existence of an association between Defendants and Plaintiff.

41.     Plaintiff has consistently provided quality products and services, and has gained popularity and recognition in the consuming public as a quality purveyor such products and services.  In support of this public recognition, Plaintiff has received and been entrusted with thousands of customer endorsements of their products and the efficacy of their products for use on Plaintiff's social media, sales platforms and website ("the Endorsements").

42.     Defendants' unauthorized use of the Marks and the Works, has been systematic, intentional, and for the purpose of taking advantage of Plaintiff's good will and standing in the community for their own financial gain to the detriment of Plaintiff.

43.     Defendants' website incorporates many copyright protected features of Plaintiff's website, including color scheme, text, labeling, content, and design.  A copy of Defendants' website is attached as **Exhibit G**.

44.     Defendants' products incorporate many trade mark, trade dress, and copyrighted features of Plaintiffs Marks and Works.  A series of photographs of Defendants' products sold under the Max Height Kit Mark are shown in **Exhibit H**.

45.     On information and belief, Defendants have acted willfully, in bad faith, and with intent to confuse and mislead the public and unfairly trade to capitalize on Plaintiff's highly respected reputation as a high-quality nutritional supplement company.

46.     Plaintiff requires injunctive relief to bring an end to the irreparable harm caused by the Defendants' websites and the sale of Defendants' products that infringe on the Plaintiff's Marks and Works.

## VI.  FIRST CAUSE OF ACTION
## (FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114)

47.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

48.     Defendants, at all relevant times, infringed and continue to infringe Plaintiff's rights in its federal trademark Marks.

49.     Defendants' conduct and use of the Plaintiff's Marks are likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of their goods and interferes with Plaintiff's ability to use its Marks to indicate a single source of goods and services.

50.     Defendants infringing conduct has been willful, malicious, and done with an intent to deceive. Plaintiff is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages pursuant to 15 U.S.C. § 1114(1)(a) and (b).

## VII.  SECOND CAUSE OF ACTION

**(FEDERAL TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125(a))**

51.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

52.     In its business of operating the production of supplement products, Plaintiff utilizes specific features to increase the desirability of its product including the presentation of its Plaintiff's Marks in style and font, original design images, original color combinations, and copyrighted Works, unique packaging, and the layout, color combinations, product descriptions and overall design of its website.

53.     Plaintiff's Trade Dress is nonfunctional in that it is not essential to the use or purpose of Plaintiff's products and does not affect the cost or quality of the products.

54.     Plaintiff's Trade Dress has acquired distinctiveness which separates Plaintiff's products from other competitors in the industry.

55.     Defendants have infringed on Plaintiff's Trade Dress by copying its packaging, images, website, and other features.

56.     Defendants' infringement is likely to confuse consumers and Defendants' infringing product is likely to be confused by consumers for Plaintiff.

57.     As a result of the Defendants' acts, Plaintiff has been damaged in an amount to be determined at trial.

## VIII.  THIRD CAUSE OF ACTION

### (FEDERAL TRADEMARK CONTERFEITING, 15 U.S.C. § 1117(c))

58.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

59.     Defendants, acting in concert at all relevant times, used a false mark and/or false designations that are identical with, or substantially

indistinguishable from Plaintiff's Marks on goods covered by the Registered and prior-filed application for the Marks.

60.     On information and belief, Defendants have used these false designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale, and distribution of nutritional supplement products targeting the exact same customers that purchase and have come to know Plaintiff's Marks and Works.

61.     Defendants' use of the Plaintiff's Marks to advertise, promote, offer for sale, distribute, and sell its supplement products is without the consent of Plaintiff.

62.     On information and belief, the unauthorized use of the Plaintiff's Marks by Defendants on and in connection with the advertisement, promotion, sale, offering for sale and distribution of goods and services constitutes Defendants' use of the Plaintiff's Mark in commerce.

63.     The unauthorized use of the Plaintiff's Marks by Defendants, as set forth above, is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' supplement products are the same as Plaintiff's supplement products or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff; and (c) result in the Defendants unfairly benefiting from Plaintiff's reputation and its Registration No.  6372062 and cause substantial irreparable injury to the public.

64.     The aforesaid facts of the Defendants constitute trademark counterfeiting in violation of Section 32 of the Lanham Act 15 U.S.C. § 1116.

65.     The acts of the Defendants were made knowingly, willfully, and with malice.

66.     For the foregoing reasons, the Defendants are liable to Plaintiff for statutory damages for each mark counterfeited as provided by 15 U.S.C. § 1117.

# IX.  FOURTH CAUSE OF ACTION

## (FEDERAL TRADEMARK DILUTION, 15 U.S.C. § 1125(c))

67.      Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

68.      Plaintiff used its Marks in commerce long before Defendants' adoption and use of the Plaintiff's Marks in connection with their goods and services.

69.      The Plaintiff's Mark has become famous throughout the United States and world because of the long, extensive, continuous, and exclusive use by Plaintiff, and in connection with its nutritional supplement products. Such fame occurred long before Defendants' use of the Plaintiff's Marks in connection with their knock-off supplement products.

70.      Defendants use of the Plaintiff's Marks in advertising and the sale of their goods and services is the same trade areas and channels of trade in which Plaintiff is recognized and famous.

71.      On information and belief, Defendants' use of the Plaintiff's Mark has lessened the capacity of Plaintiff's famous Marks to identify and distinguish Plaintiff's nutritional supplement products.

72.      On information and belief, Defendants' acts of trademark dilution in violation of the Lanham Act have caused financial injury and damages to Plaintiff have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

73.      Plaintiff has no adequate remedy at law and is being irreparably damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(C). Therefore, Plaintiff is entitled to injunctive relief.

# X.  FIFTH CAUSE OF ACTION

**(FEDERAL UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN, LANHAM ACT, 15 U.S.C. § 1125(a))**

74.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

75.     Defendants, either independently or through collaboration with one another, are using Plaintiff's Marks in connection with their supplement products and services.

76.     On information and belief, Defendants use the Plaintiff's Marks in commerce, which use has been done with the deliberate intent of capitalizing and trading on the goodwill and the reputation of Plaintiff.

77.     The use in commerce of the Plaintiff's Marks by Defendants will tend to cause and, on information and belief, have caused the relevant public and trade to believe erroneously that Defendants' goods are associated, authorized, sponsored, or controlled by Plaintiff.

78.     Defendants' use in commerce of the Plaintiff's Marks in connection with their goods and services constitutes a false designation of the origin and/or sponsorship of such goods and services and falsely describes and represents such goods and services.

79.   As a result of the Defendants' acts, Plaintiff has been damaged in an amount to be determined at trial.

## XI.  SIXTH CAUSE OF ACTION

**(COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, CALIFORNIA UNFAIR COMPETITION LAW)**

80.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

81.     Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition under California common law.

82.     Defendants' unauthorized actions and conduct in using Plaintiff's Marks in California constitutes trademark infringement under California common law.

83.     Defendants have, without authorization from Plaintiff, used Plaintiff's Marks or a mark similar to the Plaintiff's Marks to offer for sale and sell supplement products.

84.     Defendants' actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with Plaintiff, as to origin, sponsorship, or approval of Defendants' goods by Plaintiff.

85.     On information and belief, Defendants' conduct is intentional malicious and wanton in that Defendants infringed and continue to infringe Plaintiff's common law trademark: (1) with full knowledge that Plaintiff owns and has the exclusive right to use its common law trademark; (2) with the intention of causing a likelihood of confusion and mistake and to deceive; and (3) with the intention of eliminating competition from Plaintiff.

86.     Defendants have caused and will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

87.     Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

## XII.  SEVENTH CAUSE OF ACTION

### (FALSE ADVERTISING, Lanham Act, 15 U.S.C. § 1125(a)(1)(B))

88.     Plaintiff incorporate herein by reference each and every allegation in the preceding paragraphs.

89.     Plaintiff hereby alleges that Defendants have violated Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

90.     Defendants' advertising in connection with its nutritional supplement products, as set forth above, is use in commercial advertising or promotion of literally false and/or misleading descriptions of fact that misrepresent the characteristics and qualities of Plaintiff's goods and Defendants' goods in violation of 15 U.S.C. § 1125(a)(1)(B). Defendant's false and misleading advertising and promotion occurred in interstate commerce.

91.     Defendants' claims that its nutritional supplement products are the same as Plaintiff's, named the same product names creating a false sense of association with Plaintiff, are literally false and/or misleading.

92.     These literally false and/or misleading descriptions of fact actually deceived or tended to deceive a substantial number of reasonable consumers of prescription and non-medicated over the counter cosmetic products.  Defendant's claims that its products boost growth and these claims are material to consumers' purchasing decisions in deciding whether to purchase Plaintiff's  products. In addition, these literally false and/or misleading descriptions of fact continue to actually deceive or tend to deceive a substantial number of reasonable consumers of Plaintiff's products and continue to be material to consumers' purchasing decisions.

93.     On information and belief, Defendants' intentional acts of false advertising described herein were intended to cause and did in fact cause deception of the public, misleading prospective purchasers as to the true characteristics and qualities of Defendant's products and the false impression of an affiliation or association with Plaintiff.

94.     As a proximate result of Defendants' acts described above, Plaintiff has suffered and will continue to suffer irreparable harm in the form of damage and

injury to their business, reputation, and goodwill. Plaintiffs will continue to sustain serious loss of revenues, profits, and market share unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further false advertising.

## XIII.  EIGHTH CAUSE OF ACTION

## (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 et seq.)

95.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

96.     At all times relevant herein, Plaintiff has been the owner of all copyright rights to the Works, which were created by Plaintiff

97.     These works were affixed to nutritional supplement products sold by Plaintiff, used in the promotion and advertising said products, or used on Plaintiff's website promoting Plaintiff's products.

98.     Defendants copied, used, and/or reproduced the Works on the infringing products, which they sold to customers via their websites or through various online sales platforms.

99.     Upon information and belief, Defendants have made a considerable amount of money as a result of blatantly infringing the Works and selling the infringing products.

100.     Defendants' conduct as described above has been intentional, willful, deliberate, malicious, and with the intent to financially gain from Plaintiff's labors without regard to Plaintiff or its legal rights.

101.     As a result of the Defendants' acts, Plaintiff has been damaged in an amount to be determined at trial.

## XIV.  NINTH CAUSE OF ACTION

## (INJURY TO BUSINESS REPUTATION AND DILUTION, Cal. Bus, & Prof. Code § 14247)

102.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein

103.     Plaintiff is the owner of Plaintiff's Marks which are distinctive and famous across the United States, and throughout the world.

104.     On information and belief, Defendants have used and continue to use the famous Plaintiff's Marks after the Marks became famous, which dilutes the distinctive quality of Plaintiff's Marks.

105.     On information and belief, Defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would dilute the Plaintiff's Marks and with the intention to cause dilution of the Marks.

106.     As a result of the activities described herein, Defendants have caused, and unless enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

107.     Plaintiff has no adequate remedy at law and is being irreparably damaged by Defendants' acts in violation of California Business & Professions Code § 14247.

## XV.   TENTH CAUSE OF ACTION

### (INJUNCTIVE RELIEF AND IMPOUND 17 U.S.C. §502, 503)

108.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

109.     Defendants, through their activities, have willfully violated Plaintiff's Federal and Common Law Trademark Rights, Copyright rights, and numerous other statutory violations of Plaintiff's rights.

110.     Plaintiff is entitled to enjoin Defendants, and all of them, from the continued violation of its rights in the unauthorized use of the Marks, the Works,

and violation of statutory and common law rights that give rise to Plaintiff's remedy of impoundment of infringing articles.

111.     Defendants' products are branded and advertised using Plaintiff's Marks, Plaintiff's trade dress, Plaintiff's copyrighted works, and bear Plaintiff's Marks as sold.

112.     Defendants' use Plaintiff's Works to promote the counterfeit products online.

113.     Plaintiff is entitled to enjoin Defendants, and each of them, from the ongoing use of Plaintiff's exclusive rights for their own economic gain.

114.     Plaintiff is entitled to an Order directing Defendants, and each of them, to turn over for destruction, all products bearing Plaintiff's Marks, Plaintiff's trade dress, and Plaintiff's copyrighted works.

115.     Plaintiff is entitled to an Order directing Defendants, and each of them, to remove immediately all uses of Plaintiff's Marks, Plaintiff's Trade Dress, and Plaintiff's Works from their online presence and sales channels.

116.     Plaintiff is entitled to an Order directing Defendants, and each of them, to remove immediately the unauthorized use of Plaintiff's Endorsements from their online presence and sales channels.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff TRUHEIGHT respectfully requests judgement as follows:

1.     An order preliminary and permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participating with them from:

   a.     Committing any further act of trademark infringement;

b.   Committing any further act of copyright infringement;

c.   Committing any further acts of counterfeiting;

d.   Using any design or word mark that is likely to be confused with the Plaintiff's Marks asserted herein;

e.   Representing directly or indirectly in any form or manner whatsoever that any product is associated with or approved by Plaintiff when, in fact, it is not;

f.   Passing off or inducing or enabling others to sell or pass of any product as one of Plaintiff's products or as a product endorsed or approved by Plaintiff; and

g.   Committing any other act calculated to compete unfairly in any manner;

2.   An order seizing and impounding all infringing and counterfeit products and all manufacturing supplies in Defendants' possession or control;

3.   An order awarding Plaintiff statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damages or Defendants' illicit profits;

4.   An order awarding to Plaintiff damages in the amount that Plaintiff has been harmed by Defendants' infringements and unfair business practices, in an amount Plaintiff proves at trial;

5.   An order for an accounting and disgorgement of Defendants' profits from its infringing and unfair business activity;

6.   A finding that Defendants have willfully and deliberately committed acts of trademark infringement against Plaintiff;

7.   A finding that Defendants have willfully and deliberately committed acts of copyright infringement against Plaintiff;

8.   An order trebling such damages against Defendants;

9.   An order for attorneys' fees and costs that Plaintiff incurred in having to bring and sustain this action for the legal enforcement of its trademark, copyright, and business rights against Defendants; and

10.  Such other and further equitable and legal relief as the Court may deem appropriate.

Date: December 13, 2023

EASTMAN IP

/s/ Gary L. Eastman
Gary L. Eastman, Attorney for Plaintiff
Vanilla Chip, LLC, d/b/a TRUHEIGHT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands trial by jury on all issues so triable.

3

Date: December 13, 2023

4

EASTMAN IP

5

6

/s/ Gary L. Eastman

Gary L. Eastman, Attorney for Plaintiff

7

Vanilla Chip, LLC, dba TRUHEIGHT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# United States of America

## United States Patent and Trademark Office

# TruHeight

**Reg. No. 6,372,062**
**Registered Jun. 01, 2021**
**Int. Cl.: 5**
**Trademark**
**Principal Register**

Vanilla Chip, LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
11630 Chayote Street, Suite 3
Los Angeles, CALIFORNIA 90049

CLASS 5: Nutritional supplements for natural bone growth

FIRST USE 8-1-2019; IN COMMERCE 8-1-2019

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 90-204,583, FILED 09-23-2020





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



1

**EXHIBIT B**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States of America
## United States Patent and Trademark Office

# PROHEIGHT

**Reg. No. 6,717,924**
**Registered May 03, 2022**
**Int. Cl.: 5**
**Trademark**
**Principal Register**

Vanilla Chip, LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
11630 Chayote Street, Suite 3
Los Angeles, CALIFORNIA 90049

CLASS 5: Nutritional supplements for natural bone growth

FIRST USE 7-3-2020; IN COMMERCE 7-3-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO
ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 90-696,413, FILED 05-07-2021



Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office



1

**EXHIBIT C**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 97700664**
**Filing Date: 12/01/2022**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

#### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | Blueprint for Growth |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | Blueprint for Growth |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Vanilla Chip, LLC |
| *MAILING ADDRESS | 11630 Chayote Street, Suite 3 |
| *CITY | Los Angeles |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 90049 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY WHERE LEGALLY ORGANIZED | California |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 005 |
| *IDENTIFICATION | Nutritional supplements for natural bone growth |
| *FILING BASIS | SECTION 1(a) |

| FIRST USE ANYWHERE DATE | At least as early as 05/00/2020 |
|---|---|
| FIRST USE IN COMMERCE DATE | At least as early as 05/00/2020 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT18\IMAGEOUT 18\977\006\97700664\xml1 \ FTK0003.JPG |
| SPECIMEN DESCRIPTION | Website screenshot of e-commerce site https://truheightvitamins.com/ |
| WEBPAGE URL | https://truheightvitamins.com/ |
| WEBPAGE DATE OF ACCESS | 11/30/2022 |
| **ADDITIONAL STATEMENTS INFORMATION** | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| **ATTORNEY INFORMATION** | |
| NAME | Ann McCamey |
| ATTORNEY DOCKET NUMBER | 90110 |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Pacifica IP |
| STREET | 475 Washington Blvd |
| CITY | Marina del Rey |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 90292 |
| EMAIL ADDRESS | amccamey@pacificaip.com |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Ann McCamey |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | amccamey@pacificaip.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |

1

2

3

4

| *TOTAL FEES PAID | 250 |
|---|---|
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /Eden Stelmach/ |
| * SIGNATORY'S NAME | Eden Stelmach |
| * SIGNATORY'S POSITION | Principal |
| SIGNATORY'S PHONE NUMBER | 8184648492 |
| * DATE SIGNED | 12/01/2022 |
| SIGNATURE METHOD | Sent to third party for signature |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

Trademark/Service Mark Application, Principal Register

**TEAS Plus Application**

**NOTE:** *Data fields with the * are mandatory. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| MARK INFORMATION | |
| *MARK | MRK99129200119-233024994_._TruHeight_Color_Logo.jpg |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | TRU HEIGHT |
| *COLOR MARK | YES |
| *COLOR(S) CLAIMED (If applicable) | The color(s) taupe and tan is/are claimed as a feature of the mark. |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of the letters "Tru" in the color taupe beside the letters "Height" in the color tan. |
| PIXEL COUNT ACCEPTABLE | NO |
| PIXEL COUNT | 1746 x 385 |
| APPLICANT INFORMATION | |
| *OWNER OF MARK | Vanilla Chip, LLC |
| *MAILING ADDRESS | 11630 Chayote Street, Suite 3 |
| *CITY | Los Angeles |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 90049 |
| *EMAIL ADDRESS | lavinia@truheightvitamins.com |
| LEGAL ENTITY INFORMATION | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY WHERE LEGALLY ORGANIZED | California |
| GOODS AND/OR SERVICES AND BASIS INFORMATION | |
| *INTERNATIONAL CLASS | 005 |
| *IDENTIFICATION | Nutritional supplements for **natural bone growth and development and sleep** |

| *FILING BASIS | SECTION 1(a) |
|---|---|
| FIRST USE ANYWHERE DATE | At least as early as 08/01/2019 |
| FIRST USE IN COMMERCE DATE | At least as early as 08/01/2019 |
| SPECIMEN FILE NAME(S) | SPE0-99129200119-20231205 233024994523_._TruHeight_Website_20231129_REDUCED. |
| SPECIMEN DESCRIPTION | Applicant's website featuring the products as sold bearing the mark |
| WEBPAGE URL | www.truheightvitamins.com |
| WEBPAGE DATE OF ACCESS | 11/29/2023 |
| ADDITIONAL STATEMENTS SECTION | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | The applicant claims ownership of active prior U.S. Registration Number(s) 6372062. |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| ATTORNEY INFORMATION | |
| NAME | Gary L. Eastman, Esq. |
| ATTORNEY DOCKET NUMBER | 2468-TM02 |
| ATTORNEY BAR MEMBERSHIP NUMBER | 182518 |
| YEAR OF ADMISSION | 1996 |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | California |
| FIRM NAME | Eastman IP |
| STREET | 1550 Hotel Circle N., Suite 330 |
| CITY | San Diego, CA 92101 |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92108 |
| PHONE | 619-230-1144 |
| EMAIL ADDRESS | gary@eastmanip.com |
| CORRESPONDENCE INFORMATION | |
| NAME | Gary L. Eastman, Esq. |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | gary@eastmanip.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | docket@eastmanip.com |

| FEE INFORMATION | |
|---|---|
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |
| *TOTAL FEES PAID | 250 |
| SIGNATURE INFORMATION | |
| * SIGNATURE | /**Gary L. Eastman**/ |
| * SIGNATORY'S NAME | Gary L. Eastman |
| * SIGNATORY'S POSITION | CA Attorney for Applicant |
| SIGNATORY'S PHONE NUMBER | 619-230-1144 |
| * DATE SIGNED | 12/05/2023 |
| SIGNATURE METHOD | Signed directly within the form |

1

**EXHIBIT E**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Trademark/Service Mark Application, Principal Register
**TEAS Plus Application**
**NOTE:** Data fields with the * are mandatory. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.

The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| MARK INFORMATION | |
| *MARK | Max Height Kit |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | Max Height Kit |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| APPLICANT INFORMATION | |
| *OWNER OF MARK | Vanilla Chip, LLC |
| *MAILING ADDRESS | 11630 Chayote Street, Suite 3 |
| *CITY | Los Angeles |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 90049 |
| *EMAIL ADDRESS | lavinia@truheightvitamins.com |
| LEGAL ENTITY INFORMATION | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY WHERE LEGALLY ORGANIZED | California |
| GOODS AND/OR SERVICES AND BASIS INFORMATION | |
| *INTERNATIONAL CLASS | 005 |
| *IDENTIFICATION | Nutritional supplements for **natural bone growth and development and sleep** |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/06/2022 |
| FIRST USE IN COMMERCE DATE | At least as early as 12/06/2022 |
| SPECIMEN FILE NAME(S) | SPE0-99129200119-20231206 002123530254_._TruHeight _Website_20231129_REDUCED. |
| SPECIMEN DESCRIPTION | Applicant's website featuring the products as sold bearing the mark |

| WEBPAGE URL | www.truheightvitamins.com |
|---|---|
| WEBPAGE DATE OF ACCESS | 11/29/2023 |
| ADDITIONAL STATEMENTS SECTION | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | The applicant claims ownership of active prior U.S. Registration Number(s) 6372062 and 6717924. |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| ATTORNEY INFORMATION | |
| NAME | Gary L. Eastman, Esq. |
| ATTORNEY DOCKET NUMBER | 2468-TM03 |
| ATTORNEY BAR MEMBERSHIP NUMBER | 182518 |
| YEAR OF ADMISSION | 1996 |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | California |
| FIRM NAME | Eastman IP |
| STREET | 1550 Hotel Circle N., Suite 330 |
| CITY | San Diego, CA 92101 |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92108 |
| PHONE | 619-230-1144 |
| EMAIL ADDRESS | gary@eastmanip.com |
| CORRESPONDENCE INFORMATION | |
| NAME | Gary L. Eastman, Esq. |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | gary@eastmanip.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | docket@eastmanip.com |
| FEE INFORMATION | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |

COMPLAINT
- 37 -

| | |
|---|---|
| *TOTAL FEES PAID | 250 |
| SIGNATURE INFORMATION | |
| * SIGNATURE | /**Gary L. Eastman**/ |
| * SIGNATORY'S NAME | Gary L. Eastman |
| * SIGNATORY'S POSITION | CA Attorney for Applicant |
| SIGNATORY'S PHONE NUMBER | 619-230-1144 |
| * DATE SIGNED | 12/05/2023 |
| SIGNATURE METHOD | Signed directly within the form |

**Exhibit F**



Toddler

HOME SHOP RESULTS LEARN HEIGHT QUIZ

Astoundingly, 70% of U.S. adolescents are lacking nutrients essential to bone growth. At TruHeight®, we are on a mission to provide these nutrients while also educating the lifestyle and practices needed to grow tall and healthy.

Rewards

We believe that when you take charge of your health and your growth, you also grow in other ways: in confidence, inner strength, and in feeling more empowered to help others around you grow too.

We went through the same experience as millions of teens. We weren't growing as fast as our classmates and it was stressful and scary.

We tried conventional treatments, but we wanted a natural way to take control of our growth. So, we made one. The first TruHeight® stories are our own.



SHOP ⌄   INGREDIENTS   RESULTS   FAQS   ABOUT US

**NoGenetics**

# About Us

We created NoGenetics with the aim of providing a complete and convenient nutritional solution for children and teenagers aspiring to reach their maximum height potential.



## As crazy as it sounds..

More than the half of adolescents in the World lack essential nutrients crucial for bone growth. At NoGenetics, our mission is to address this issue by not only providing these nutrients but also imparting knowledge about the lifestyle and practices necessary for achieving tall and healthy growth.

I'M INTRESSED 

COMPLAINT
- 41 -

1   2   3   4   5   6   7   8   9   10   11   12   13   14   15   16   17   18   19   20   21   22   23   24   25   26   27   28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28













Kids & Teens
Toddler
TruHeight
HOME SHOP RESULTS LEARN HEIGHT QUIZ
TruHeight® Sleep Gummy
511 reviews
PROMOTES A NATURALLY RESTFUL SLEEP*
Number of Bottles
The more you buy - the more you save!
Six Bottles
Subscribe & Save
Deliver every month
$20.96 each
Get Extra 30% Off
Only $0.70 / serving
Skip, modify or cancel anytime
Consistency fuels growth: Subscribe to TruHeight® for long-lasting results.
One Time Purchase
$23.96 each
Get Extra 20% Off
Only $0.80 / serving
Frequently Bought With
TruHeight® Growth Gummies
$34.05 $39.95
Learn More
TruHeight® Protein Shake
TruHeight
SLEEP
Mixed Berry Flavor
60
DIETARY SUPPLEMENT
POWER!!!

SHOP INGREDIENTS RESULTS FAQS ABOUT US
NoGenetics
HOT PRODUCT | LOW STOCK
NoGenetics® Sleep Gummies
(1046 Reviews)
In stock
BUNDLE & SAVE
1 Bottle €33,20 €42,20
2 Bottles €68,72 €77,20
3 Bottles €122,06 €139,30
Save 25%
Subscribe and Save €24,90
Get additional 25% off
Skip, modify or cancel anytime
Special offers & discounts for subscribers
One Time Purchase €33,20
English
NoGenetics® Sleep Gummies
€33,20 €42,20 SAVE €9
Add to cart
NoGenetics
OPTIMISATION
SOMMEIL
croissance & sommeil
60 GUMMIES
COMPLÉMENT ALIMENTAIRE
Didn't believe gummy bear could make me taller but for my sport tall is an advantage. After 2 bottles I grew 2.5in (6.5cm) my doctor confirmed me it contain actual nutriments to grow taller.
Daniel C.

Kids & Teens
Toddler
TruHeight
HOME SHOP RESULTS LEARN HEIGHT QUIZ
TruHeight® Growth Capsules
1077 reviews
SUPPORTS BONE GROWTH
Number of Bottles
The more you buy - the more you save!
Six Bottles
Subscribe & Save
Deliver every month
$27.96 each
Get Extra 30% Off
Only $0.93 / per serving
Skip, modify or cancel anytime
Consistency fuels growth: Subscribe to TruHeight® for long-lasting results.
One Time Purchase
$31.96 each
Get Extra 20% Off
Only $1.07 / per serving
Frequently Bought With
TruHeight® Sleep Gummy
$24.95 $29.95
Learn More
TruHeight® Protein Shake
DIETARY SUPPLEMENT
60
Grow taller in 6...
POWER!!
I think I just fou...
Did you hav

SHOP INGREDIENTS RESULTS FAQS ABOUT US
NoGenetics
HOT PRODUCT | LOW STOCK
NoGenetics® Growth Capsules
(1046 Reviews)
In stock
BUNDLE & SAVE
1 Bottle
€38,90
€42,50
2 Bottles
€61,20
€72,80
3 Bottles
€82,17
€113,09
Save 25%
Subscribe and Save
€29,18
Get additional 25% off
Skip, modify or cancel anytime
Special offers & discounts for subscribers
NoGenetics
FAIT AVEC DES INGRÉDIENTS POUR GRANDIR
CAPSULES CROISSANCE
PUISSANT
60 GUMMIES
COMPLÉMENT ALIMENTAIRE






Kids & Teens
Toddler
TruHeight
HOME
SHOP
RESULTS
LEARN
HEIGHT QUIZ
Max Height Kit
953 reviews
PROTEIN + SLEEP + GROWTH
Select Combo
Vanilla + Gummies + Sleep
Select Size
The more you buy - the more you save!
Single Pack (1 Protein + 1 Growth + 1 Sleep)
Subscribe and Save
Deliver every month
$82.40
each
Get Extra 25% Off
Only $1.10 / serving
Skip, modify or cancel anytime
Consistency fuels growth: Subscribe to TruHeight® for long-lasting results.
One Time Purchase
$93.38
each
Only $1.25 / serving
ADD TO CART - $82.40 $109.86
6 MONTHS MONEY BACK GUARANTEED
GROWTH PROTEIN SHAKE
POWER!!!
I think I just fou...
Did you have a g...
Protein Sha
KOSHER
GMP Quality

HOT PRODUCT | LOW STOCK
NoGenetics® Max Height
SHOP
INGREDIENTS
RESULTS
FAQS
ABOUT US
NoGenetics
100% RESULTS GUARANTEED!
BOOST CROISSANCE
OPTIMISATION SLEEP
In stock
BUNDLE & SAVE
1 Kit
€97,20
€112,99
2 Kits
€142,90
€194,20
3 Kits
€202,08
€247,61
Save 25%
Subscribe and Save
€72,90
Get additional 25% off
Skip, modify or cancel anytime
Special offers & discounts for subscribers
One Time Purchase
€97,20
ADD TO CART
BUY IT NOW
Didn't believe gummy bear could make me taller but for my sport tall is an advantage. After 2 bottles I grew 2.5in (6.5cm) my doctor confirmed me it contain actual nutriments to grow taller.
Daniel C.

1

**Exhibit G**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit H**







SUGGESTED USE: As a dietary supplement, take two (2) Gummies once a day.
CAUTION: Do not exceed recommended dose. Pregnant or nursing mothers, children under the age of 18, and individuals with a known medical condition should consult a physician before using this or any dietary supplement.
KEEP OUT OF REACH OF CHILDREN. DO NOT USE IF SAFETY SEAL IS DAMAGED OR MISSING. STORE IN A COOL, DRY PLACE.
* These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.
Lot # and Expiration Date Printed on bottom of Bottle
sku: 35937-851
V2R0
BOTTLED IN U. S. A.
BOTTLED IN FDA REGISTERED FACILITY
PLEASE RECYCLE

NoGenetics
OPTIMIZATION
SLEEP
growth & sleep
60 GUMMIES
DIETARY SUPPLEMENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**nogenetics**                                    COMMANDE #873721

## Votre commande a été livrée

Vous n'avez pas encore reçu votre colis ? Veuillez nous le signaler

[ Afficher votre commande ]   ou Visitez notre boutique

USPS numéro de suivi: 9405511206216966089479

### Articles dans cet envoi

 **Max Height Kit × 1**
Single Pack (1 Sleep + 1 Gummy + 1 Capsules)

Si vous avez des questions, veuillez répondre à cet e-mail ou nous contacter à
support@nogenetics.com