UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANILLA CHIP, LLC dba TruHeight,<br><br>                              Plaintiff,<br><br>v.<br><br>NOGENETICS.COM; ON DEMAND FULLFILLMENT, LLC; VOX NUTRITION, INC., DOES 1-10,<br><br>                              Defendants. | Case No.: 23-cv-2276-GPC-DTF<br><br>**ORDER DENYING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY**<br><br>[ECF No. 9] |

Before the Court is Plaintiff Vanilla Chip, LLC's ("Plaintiff") "*Ex Parte* Motion for Expedited Discovery Prior to a Rule 26(f) Conference." (ECF No. 9.) Defendants On Demand Fulfillment, LLC ("On Demand") and VOX Nutrition, Inc. ("VOX") have been served with Plaintiff's First Amended Complaint ("FAC") but have not yet appeared in the action. (ECF Nos. 6-7.) For the reasons discussed below, the Court **DENIES** Plaintiff's application.

I.     BACKGROUND

On December 13, 2023, Plaintiff filed its Complaint against Defendants NoGenetics.com, and VOX Nutrition, LLC for copyright and trademark infringement. (ECF No. 1.) On March 18, 2024, Plaintiff filed a First Amended Complaint ("FAC") naming Defendants NoGenetics.com, VOX Nutrition, Inc., On Demand Fulfillment, LLC, and Does 1-10. (ECF No. 4.) Defendants VOX and On Demand were served with the FAC

on March 26, 2024. (ECF Nos. 6-7.) On May 20, 2024, Plaintiff filed an *ex parte* motion seeking expedited discovery to ascertain identifying information for NoGenetics.com, along with "information on the VOX/OnDemand/NoGenetics.com agency relationship." (ECF No. 9-1 at 4.)

In their FAC, Plaintiff asserts that Defendants are liable for trademark and copywrite infringement. (*See generally* FAC.)  Plaintiff alleges that NoGenetics.com is selling counterfeit TruHeight products on its website. (*See id.* at 3.) VOX is alleged to be the manufacturer of the alleged counterfeit product which they deliver to On Demand. (*See id.*) Once received by On Demand, they affix the labels provided by their client NoGenectics.com and ship the products to the customers on behalf of their client. (*See id.*)

Plaintiff claims that, at the very least, On Demand and VOX most likely have knowledge of the identifying information for NoGenetics.com including "the full names of its owners and employees, as well as its business addresses, payment information, trade channels, website traffic, geolocation data, phone number(s), email addresses, IP addresses, billing addresses, and its physical addresses." (*Id.*) Counsel for On Demand and VOX has not agreed to provide this information pursuant to Plaintiff's informal request. (*See* Eastman Decl., ECF No. 9-2, at ¶¶ 11-13.)[1] Counsel for On Demand and VOX has "conced[ed] that On Demand applied labeling and shipped product for NoGenetics.com." (*Id.* at ¶ 12.)

Plaintiff claimed that good cause exists to grant the *ex parte* motion because: (1) the scope of discovery sought is narrow; (2) there is an insignificant burden on the Defendants, and  (3) without knowing the identity of NoGenetics.com, Plaintiff will be "unfairly prejudiced in the meet and confer conference to propose a potential discovery plan." (*Id.* at 6-7.)

/ / /

---

[1] As set forth in more detail below, Plaintiff has since filed another pleading indicating that Defendants' Counsel is now providing identifying information regarding NoGenetics.com.

## II. STANDARD OF REVIEW

Absent a court order, discovery is generally not allowed prior to the parties' Federal Rule of Civil Procedure 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Early discovery to identify a defendant may be warranted given "a plaintiff cannot have a discovery planning conference with an anonymous defendant." *UMG Recordings, Inc. v. Doe*, No. C-08-03999-RMW, 2008 WL 4104207, at *2 (N.D. Cal. Sept. 2008). To determine if early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice against the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

In order to determine whether good cause exists, Courts "examine the reasonableness of the [expedited discovery] request by considering a non-exhaustive set of factors: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendant of compliance with the requested discovery, and (5) how far in advance of the typical discovery process the request was made." *TGG Mgmt. Co. Inc. v. Petraglia*, No. 19-cv-2007-BAS-KSC, 2019 WL 6310556, at *2 (S.D. Cal. Nov. 25, 2019) (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)).

## III. DISCUSSION

Here, the Court finds that the "good cause" factors do not weigh in favor of the request to expedite discovery. First, Plaintiff concedes that there is no pending motion for preliminary injunction nor do they indicate an intent to file such a motion but instead argue that without a "complete understanding of NoGenetics.com's identity" they will be prejudiced in the "meet and confer conference to propose a potential discovery plan." (ECF No. 9-1 at 6.) The fact that there is no pending motion for preliminary injunction, nor is there any indication that one will be filed, lessens the urgency, or need for early discovery. *See MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*, No. 19cv1865-GPC (LL), 2019 WL 6310554, at *3 (S.D. Cal. Nov. 25, 2019).

Second, Plaintiff fails to set forth in the motion the specific forms or scope of discovery they are seeking. Instead, they simply inform the Court what information they are hoping to find in this discovery. Specifically, Plaintiff's seeks "expedited discovery on identifying information for NoGenetics.com as well as information on the Vox/On Demand/NoGenetics.com agency relationship," which includes the "full names of [NoGenetics.com's] owners and employees, as well as its business addresses, payment information, trade channels, website traffic, geolocation data, phone number(s), email addresses, IP addresses, billing addresses, and its physical addresses." (ECF No. 9-1 at 4.) Plaintiff also seeks this information from "https://www.ionos.com ("Ionos), the domain provider of NoGenetics.com." (*Id.*) Instead of including the specific scope and nature of the discovery they seek in the motion filed with the court and served on the Defendants, they submitted a proposed order directly to the Court, which was not filed in the Court's docket, setting forth the scope of discovery sought including subpoenas to third parties, multiple depositions, and multiple written discovery and production of document requests. By failing to include the scope of the discovery requested in the motion and therefore, failing to include this in the record before the Court, the Court cannot find that the discovery sought it appropriately tailored and will not be unduly burdensome.

Finally, Defendants VOX and On Demand have not yet answered or responded to Plaintiff's FAC. Instead, a few days after the filing of the motion currently before this Court, Plaintiff has filed an *ex parte* "Motion for Order Granting a 90-day Extension of Time for Defendants VOX Nutrition, Inc. and On Demand Fulfillment, LLC to Answer or Otherwise Respond to the Complaint."[2] (ECF No. 10.) In this motion, Plaintiff acknowledges that Counsel for these Defendants "have been cooperating to provide information regarding the case, [including] information regarding the primary defendant,

---

[2] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015).

NoGenetics.com." (*Id.* at 2.) Clearly, this acknowledgement by Plaintiff's counsel of apparent cooperation by Defendants' Counsel appears to reflect a change of circumstances since Plaintiff filed the motion that is before this Court. Moreover, this additional request for a delay in answering the FAC would necessarily extend by several months the typical course of discovery and the scheduling of a Rule 26(f) conference negating the need for expedited discovery. *See Wedge Water LLC v. Ocean Spray Cranberries, Inc.,* No. 21cv0809-GPC (BLM), 2021 WL 2138519, at *4 (S.D. Cal. May 26, 2021) (holding that a request for expedited discovery was significantly premature where Defendant had not yet answered or otherwise responded to complaint.)

## IV. Conclusion

The Court finds, after weighing all the factors, that Plaintiff has not demonstrated good cause for expedited discovery. *Semitool*, 208 F.R.C. at 276. There is no pending motion for preliminary injunction, Plaintiff failed to properly submit the scope of the proposed discovery requests to the Court's record, and the Defendants have yet to file and Answer or otherwise respond to the FAC. Finally, Plaintiff has failed to adequately demonstrate why the discovery requested is needed significantly in advance of the typical discovery process. Instead, Plaintiff has filed a separate motion that directly contradicts the need for expedited discovery. Accordingly, Plaintiff's *ex parte* Motion for Expedited Discovery is **DENIED**.

IT IS SO ORDERED.

Dated: May 28, 2024

_____
Hon. D. Thomas Ferraro
United States District Judge